Bonilla-Reyes v. Garland

BIA
A089 271 991

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand twenty-one.

PRESENT:
JON O. NEWMAN,
REENA RAGGI,
MICHAEL H. PARK,
    *Circuit Judges.*

_____

SULMA YANETH BONILLA-REYES,
    *Petitioner*,

v.                                          19-861
                                            NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:     Paul O'Dwyer, Esq., New York, NY.

FOR RESPONDENT:     Joseph H. Hunt, Assistant Attorney General; Melissa Neiman-Kelting, Assistant Director; Richard Kelley, Trial Attorney, Office of Immigration Litigation, United

States Department of Justice,
Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED IN PART AND DENIED IN PART.

Petitioner Sulma Yaneth Bonilla-Reyes, a native and citizen of El Salvador, seeks review of a March 15, 2019, decision of the BIA denying her motion to reopen and reconsider. *In re Sulma Yaneth Bonilla-Reyes,* No. A 089 271 991 (B.I.A. Mar. 15, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the BIA's denial of Bonilla-Reyes's motions to reconsider and reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006); *see Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). It is undisputed that Bonilla-Reyes's 2018 motion was untimely because the BIA issued a final order in 2013 adopting and affirming the IJ's denial of asylum and related relief. *See* 8 U.S.C. § 1229a(c)(6)(B), (7)(A), (C)(i); 8 C.F.R. § 1003.2(b)(2), (c)(2). Accordingly, the only basis for reconsideration was the BIA's authority to do so sua

2

sponte.  *See* 8 C.F.R. § 1003.2(a).

The BIA invokes its sua sponte authority only in "exceptional situations," not as a "general cure for filing defects or to otherwise circumvent the regulations, where enforcing them may result in hardship." *In re J-J-*, 21 I. & N. Dec. 976, 984 (B.I.A. 1997).  The determination as to what circumstances warrant sua sponte reopening is entirely committed to the agency's discretion.  *See Ali*, 448 F.3d at 517-18.  We lack jurisdiction to review this "entirely discretionary" decision, *id.* at 518, and may remand only "where the [BIA] may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009).

We find no such misperception here.  Bonilla-Reyes failed to specify error in the prior decision as needed for reconsideration because the IJ did not find that rape could not rise to the level of persecution, but rather that there was insufficient evidence that Bonilla-Reyes was targeted on account of a protected ground.  *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001).

3

Additionally, Bonilla-Reyes could have asserted this purported error in her direct appeal. *See In re O-S-G-*, 24 I. & N. Dec. 56, 58 (B.I.A. 2006) ("A motion to reconsider based on a legal argument that could have been raised earlier in the proceedings will be denied.").

As for reopening,[1] Bonilla-Reyes argues that the BIA misperceived the law in declining to reopen based on a change in law. Before the agency, she identified several cases that the BIA decided after her removal proceedings and argued that they warranted reopening for reconsideration of whether she had identified a cognizable particular social group. The BIA did not misperceive the law in declining to reopen; the cases she cited addressed the requirements for a cognizable particular social group, but Bonilla-Reyes's claim was rejected because she failed to show a nexus between her harm and her proposed group. *See* 8 U.S.C. § 1158(b)(1)(B)(i) ("the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant").

---

[1] Before the agency, the Petitioner also sought reopening on the basis of changed country conditions, but does not raise that claim in this Court.

Accordingly, because the BIA simply concluded that Bonilla-Reyes did not present the type of extraordinary situation that would justify sua sponte reopening, we have no jurisdiction to review that discretionary decision. *See Mahmood*, 570 F.3d at 469. And because the BIA did not misperceive the law, her claim that the BIA erred by not reopening is without merit.

For the foregoing reasons, the petition for review is DISMISSED IN PART AND DENIED IN PART. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5